IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff/Respondent, | ) |
| | ) |
| v. | )    Criminal Case No. CR-22-66-RAW |
| | ) |
| ERIC LAMONT WILLIAMS, | ) |
| | ) |
|     Defendant/Movant. | ) |

## ORDER

Now before the court is a motion for sentence reduction filed by *pro se* Defendant Eric Lamont Williams ("Defendant"). [Doc. 120]. Also before the court is a motion for appointment of counsel. [Doc. 121]. The Government filed a response in opposition to Defendant's motion for sentence reduction. [Doc. 125]. Defendant did not file a reply.

Defendant is serving his sentence at FCI Terminal Island, a Bureau of Prisons ("BOP") facility in California.[1] He is 55 years old and his projected release date is March 14, 2035. Pointing to 18 U.S.C. § 3582(c)(2) and *Dillon v. United States*, 560 U.S. 817 (2010), Defendant argues that "a court may modify the sentence of a defendant who has been sentenced to a term of imprisonment by the sentencing guidelines range that has subsequently been lowered and made retroactive by the U.S. Sentencing Commission . . . ." [Doc. 120 at 1]. Defendant asserts that the U.S. Sentencing Commission amended the sentencing guidelines "[e]ffective November 1, 2025," and that "[t]he amended [U.S.S.G.] § 2D1.1(e)(2)(B)'s special instructions expand the circumstances under which an adjustment under [U.S.S.G.] § 3B1.2(a) is warranted if the primary function is one of those listed in § 2D1.1(e)(2)(B)(i) as a 'courier' in drug offenses." *Id*. at 3. In sum, Defendant claims his sentence should be reduced to 78 months of imprisonment. *Id*. at 7.

In response, the Government argues that "the guideline relating to a defendant's reduced role in drug offenses, although made effective November 1, 2025, has NOT yet been made

---

[1]    *See* BOP inmate locator, https://www.bop.gov/inmateloc/ (last visited January 23, 2026).

retroactive." [Doc. 125 at 5]. As such, the Government argues that Defendant's motion is premature and should be denied. *Id*. at 6. The court agrees with the Government.

Defendant's motion is construed as a motion for sentence reduction under 18 U.S.C. § 3582(c)(2), wherein Defendant is seeking retroactive application of Amendment 833 to the sentencing guidelines.[2] As noted by the Government, Amendment 833 is not retroactive and Defendant is not entitled to a sentence reduction. *See* U.S.S.G. § 1B1.10(d)*; see also, e.g., United States v. Nunez*, Case No. 2:25-cr-00394-MIS, 2026 WL 36101, at *1 (D.N.M. Jan. 6, 2026); *United States v. Leones*, Case No. 8:20-cr-138-CEH-AAS, 2025 WL 3537608, at *2 (M.D. Fla. Dec. 10, 2025).

Defendant adequately articulated his arguments for relief and his motion for appointment of counsel [Doc. 121] is DENIED.[3] Defendant's motion for sentence reduction [Doc. 120] is DENIED.

It is so ordered this 27th day of January, 2026.

_____
THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA

---

[2] *See* https://www.ussc.gov/guidelines/amendment/833 (last visited January 23, 2026).

[3] There is no constitutional right to assistance of counsel in pursuing a § 3582 motion. *See United States v. Olden*, 296 Fed.Appx. 671, 674 (10th Cir. 2008) (unpublished); *see also Coronado v. Ward,* 517 F.3d 1212, 1218 (10th Cir. 2008) ("There is no constitutional right to counsel beyond the direct appeal of a criminal conviction . . . .").